**Louis Eugene WILSON, Petitioner,**

**v.**

**Virgil THEIS, Justice of the Peace, Pawhuska, Oklahoma, Respondent.**

**No. A–14745.**

Court of Criminal Appeals of Oklahoma.

July 31, 1968.

Bruce W. Gambill, Pawhuska, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner herein has filed an application for this Court to assume jurisdiction and issue a Writ of Mandamus directing the Honorable Virgil Theis, Justice of the Peace, Pawhuska, Oklahoma, to enter an order dismissing a preliminary complaint filed before him in case no. 112818. As grounds for the relief prayed for, petitioner asserts that on several occasions during the preliminary examination conducted before the above named respondent, counsel for the petitioner filed a request for the issuance of subpoenas to secure the presence of members of the Tulsa City Police Department and to bring with them certain photographs taken while the petitioner was in their custody and other pictures taken during a police line-up wherein petitioner was allegedly identified by State's witnesses as a robber. Petitioner asserts that photographs actually taken during said line-up would show inconsistencies in the testimony of State's witnesses who had previously testified in the preliminary hearing. The Justice of the Peace issued subpoenaes which were served on members of the Tulsa Police Department, but on one occasion members of said department appeared without the photographs and on another occasion the Deputy Sheriff of Osage County brought with him a picture purportedly taken during the

line-up, but no one appeared to testify from the Tulsa Police Department.

■ Petitioner urges that he had a right to subpoena said witnesses and produce their testimony, together with the exhibits at the preliminary hearing and that the failure of the Tulsa Police Department to honor said subpoenaes violated his constitutional rights and thus entitles him to dismissal of the charges. Petitioner does not cite authority to support his contention. We are of the opinion that the petitioner is entitled to produce said witnesses at the preliminary hearing. If he still desires to do so, petitioner may file an application in the District Court for an order of said court remanding the cause for further preliminary hearing and if said application is filed, it should be granted by the trial judge. The petitioner should then proceed under the provisions of 22 O.S. § 715, the same providing:

"No person is obliged to attend as a witness, before a court or magistrate out of the county where the witness resides or is served with the subpoena, unless the judge of the court in which the offense is triable, upon an affidavit of the county attorney, or of the defendant or his counsel, stating that he believes that the evidence of the witness is material and his attendance at the examination or trial necessary, shall indorse on the subpoena an order for the attendance of the witness."

■ If the petitioner fails to proceed as suggested by this Court and proceeds to trial and is convicted, he will have been deemed to have waived his right to secure the presence of said witnesses and the exhibits which he seeks.

Since it affirmatively appears that the petitioner is not entitled to the relief prayed for, we are of the opinion that the writ prayed for should be, and the same is hereby denied, and the Order heretofore entered on the 30th day of April, 1968, is vacated and set aside. Writ denied.

NIX, P. J., and BRETT, J., concur.